IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE C. STUART, JR.,

        Plaintiff,

v.

ADVANCED CORRECTIONAL
HEALTHCARE, INC.,
TRAVIS WRIGHT,
ANNETTE BEHNEY, AND
JOHN DOE,

        Defendants.

Case No. 16-3097-DDC-DJW

## MEMORANDUM AND ORDER

Plaintiff Joe Stuart brings this action against defendants Advanced Correctional Healthcare Inc., Travis Wright, Annette Behney, and Dr. John Doe. He asserts claims under 42 U.S.C. § 1983 and state law for violating his right to medical care during his incarceration with the Kansas Department of Corrections ("KDOC") and at various county jails in Kansas. Mr. Wright moves to dismiss plaintiff's First Amended Complaint under Fed. R. Civ. P. 12(b)(6). Doc. 75. Plaintiff has never responded to the motion. For the reasons explained below, the court grants the motion.

    **I.**    **Facts**

The following facts are taken from plaintiff's First Amended Complaint (Doc. 59), accepted as true, and viewed in the light most favorable to plaintiff. *ASARCO LLC v. Union Pac. R.R. Co.*, 755 F.3d 1183, 1188 (10th Cir. 2014) (explaining that, on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court must "accept as true all well-pleaded factual allegations in the Complaint and view them in the light most favorable to the [plaintiff]." (citation and internal

quotation marks omitted)). The court also construes plaintiff's allegations liberally because he proceeds pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (explaining that courts must construe pro se filings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers).

In March 2015, plaintiff was detained at the Leavenworth County Jail ("LVCO"). There, he sustained a broken tooth accompanied by sore, bleeding gums and a fistula that actively was draining fluid into his mouth. After submitting a request for a dentist, Nurse Melissa Doe examined plaintiff. Nurse Doe informed plaintiff that dentists visited the facility once a month and she would add his name to the list of inmates scheduled to see the dentist during his next visit. She advised plaintiff that jail policy prevented plaintiff from receiving dental procedures at the facility because the jail lacked a sterile environment necessary to perform them. She told plaintiff that he would not receive dental procedures until he was transported to a facility that could provide such treatment. Nurse Doe prescribed plaintiff a ten day course of antibiotics, three days of ibuprofen, and peroxide rinses to treat the infection.

In May, plaintiff met with a dentist identified as John Doe. The dentist examined plaintiff and identified a cavity, two broken teeth, a draining fistula, and an infection. Dr. Doe asked how long plaintiff was expected to be detained at LVCO. Plaintiff replied, predicting until the end of the year. Dr. Doe told plaintiff that he could wait until he was transferred to the next facility to have his broken teeth extracted. The doctor prescribed a ten day course of antibiotics, three days of ibuprofen, and peroxide rinses.

In September 2015, plaintiff was transferred to the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas. In November 2015, Dr. Streit examined plaintiff at EDCF. He performed an emergency extraction of plaintiff's two worst teeth. The dentist claimed that one

of the teeth had been neglected for so long that it had decayed beyond the point of saving the tooth. Dr. Streit advised plaintiff to seek medical attention immediately should he encounter more pain, swelling, fever, or other symptoms.

On December 2, 2015, plaintiff was transported to the Atchison County Jail to appear for a court hearing. Plaintiff requested a dentist on January 1, 2016, because he had severe pain and swelling near a tooth on the lower right side. The jail guard, Officer Harmon, advised plaintiff that no medical staff was on duty because of the holiday. Officer Harmon gave plaintiff a three-day prescription of ibuprofen. The next day, plaintiff again requested to see a dentist because of increased swelling and a significant increase in pain from the previous day. Officer Harmon informed plaintiff that no medical staff was on duty because it was the weekend, but a nurse would be in the facility on Monday, January 4, 2016. Officer Harmon also called Nurse Practitioner Annette Behney. Ms. Behney prescribed antibiotics, ibuprofen, and peroxide.

On January 3, 2016, plaintiff requested medical attention complaining of blurred vision, increased heart rate, chest pain, and an increase in pain and swelling. Officer Harmon performed a cursory examination and noted an abnormally high blood pressure. Plaintiff requested to be taken to an emergency room. Officer Harmon denied the request and stated that a nurse would be available the next morning.

The next day, Nurse Martin examined plaintiff. She noted a blister on plaintiff's gums, and she denied plaintiff's request for a dentist to remove his problem tooth. On January 8, Nurse Martin examined plaintiff again and noticed foreign matter protruding from his gums, but she took no further action.

Plaintiff submitted a grievance to Mr. Wright on January 7, 2016. Plaintiff never received a response. Plaintiff alleges that Mr. Wright is responsible for scheduling transportation

of inmates to and from facilities to appear for scheduled court hearings. These are the only two factual allegations that plaintiff makes about Mr. Wright's involvement in this matter.

Plaintiff was sentenced in the District Court of Atchison County, Kansas on December 28, 2016. He was returned to KDOC custody on January 19, 2016, and transferred to the Norton Correctional Facility. On January 25, 2016, Dr. Streit performed a second emergency extraction at Norton to remove plaintiff's broken tooth and repair the fistula.

**II.     Legal Standard**

Rule 8(a)(2) of the Federal Rules of Civil Procedures provides that a Complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." While the requirements do not demand "detailed factual allegations," the Complaint must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a motion to dismiss, the Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when the pleadings contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" by the plaintiff. *Id.* (citing *Twombly*, 550 U.S. at 556). This standard requires that the Complaint "must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

### III. Analysis

The court grants Mr. Wright's motion to dismiss for two reasons: (1) plaintiff never responded to the motion, making it an uncontested motion, and (2) plaintiff's First Amended Complaint ("Complaint") fails to state a plausible claim for relief against Mr. Wright. The court explains its rulings in more detail, below.

#### A. Plaintiff failed to respond to Mr. Wright's Motion to Dismiss.

As noted above, plaintiff never responded to Mr. Wright's Motion to Dismiss. Under D. Kan. Rule 7.4(b), a party "who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum." The rule also states that "if a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." D. Kan. Rule 7.4(b).

The court recognizes that plaintiff brought this action pro se. But a plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, as a consequence of plaintiff's failure to respond timely to Mr. Wright's motion, the court considers the motion as an uncontested one under D. Kan. Rule 7.4(b). For this reason and the reasons below, the court grants Mr. Wright's Motion to Dismiss.

#### B. Plaintiff's Complaint fails to state a plausible claim against Mr. Wright.

Mr. Wright asserts several arguments to support dismissal of plaintiff's claims against him. First, Mr. Wright argues that he is entitled to qualified immunity because plaintiff's Complaint never alleges that Mr. Wright deprived plaintiff of any constitutional right or

5

interfered with a clearly established right. Second, Mr. Wright argues that plaintiff's Complaint fails to allege an official capacity claim against him. Last, Mr. Wright contends that plaintiff's Complaint fails to state plausible state law tort claims against him. The court addresses each argument in turn, below.

### 1. Plaintiff's Complaint fails to allege facts sufficient to overcome qualified immunity.

Plaintiff brings a § 1983 claim alleging Mr. Wright acted under color of state law to deprive plaintiff of his constitutional rights. Mr. Wright asserts that he is immune from suit because of qualified immunity. Qualified immunity "shield[s] government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This immunity is an affirmative defense that "protect[s the] government's ability to perform its traditional functions" by mitigating "the diversion of official energy from important public issues." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). Because it is impossible to know whether a claim is "well-founded" until the parties have tried the case, the doctrine allows only valid claims to proceed in court. *Horstkoetter v. Dep't of Pub. Safety*, 159 F.3d 1265, 1277 (10th Cir. 1998).

When a defendant asserts qualified immunity as a defense, "the plaintiff must make a two-part showing." *Id*. The plaintiff must allege, first, that the defendant violated the plaintiff's constitutional right. *Id*. Second, the plaintiff must allege facts demonstrating that the right at issue was "clearly established" when the alleged misconduct occurred. *Id.* at 1278. A clearly established right "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The plaintiff need not make a showing that the act was unlawful, he must only demonstrate that a Supreme

Court or Tenth Circuit decision on point has "found the law to be as the plaintiff maintains." *Currier v. Doran*, 242 F.3d 905, 923 (10th Cir. 2001) (citing *Medina v. City and Cty. of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992)). If the Supreme Court or Tenth Circuit has not yet evaluated the conduct at issue, the court will not extend qualified immunity to the official if, "in light of pre-existing law, the unlawfulness of the conduct is apparent to the officer." *Lawmaster*, 125 F.3d at 1350. The court has discretion to "decid[e] which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

### a. Plaintiff's Complaint fails to allege that Mr. Wright deprived plaintiff of any constitutional right.

Plaintiff's Complaint fails to allege facts sufficient to satisfy the first step in the qualified immunity analysis. That is, plaintiff fails to state a claim that Mr. Wright violated his Eighth Amendment constitutional rights.

To allege that a defendant has violated a clearly established Eighth Amendment right, plaintiff must allege facts that a prison official acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This test "involves both an objective and a subjective component." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

The objective component requires plaintiff to allege that the deprivation at issue was sufficiently serious. *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). This standard requires that the actions of the defendant "must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical or dental need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or

7

one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos*, 639 F.2d at 575.

The subjective prong requires that the prisoner allege that the official was deliberately indifferent to a serious medical need. *Farmer,* 511 U.S. at 834. This requires the prison official to have a culpable mental state. *Id*. A plaintiff sufficiently alleges a culpable mindset when the facts alleged show that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

### i. Objective component

Here, plaintiff's Complaint never alleges facts that, if true, are capable of supporting an inference that his condition was objectively serious. The Complaint asserts that Dr. Doe told plaintiff that he could wait until he was transported to his next facility to have his procedures performed. No other doctors mandated extraction of teeth. When plaintiff arrived at the Atchison County Jail, he first requested a dentist for tooth pain and swelling on January 1, 2016. On January 4, within three days of plaintiff's initial request, a nurse examined him in person at the facility. In the meantime, on the same day of his request, Officer Harmon gave plaintiff ibuprofen for his pain and swelling. The following day, Saturday, January 2, Officer Harmon facilitated a phone consultation between plaintiff and a nurse, who prescribed a seven-day course of antibiotics. On Monday, January 4, plaintiff met with the nurse to discuss his dental concerns. The nurse noted a blister on plaintiff's gums, but denied his request to extract one of his teeth. Four days later, plaintiff again consulted with a nurse to address his symptoms. The nurse noted foreign matter protruding from plaintiff's gum, but determined that plaintiff's dental condition

required no other action than the treatment already prescribed. Accepting all of plaintiff's allegations as true, they still could not support a finding of an objectively serious medical condition while detained at the Atchison County Jail.

Plaintiff's Complaint appears to allege that officials at the Atchison County Jail should have provided him different treatment. But, a disagreement about procedures or prescribed treatment is not a proper basis to support a constitutional claim. *Perkins v. Kan. Dep't. of Corr.*, 165 F.3d 803, 811–12 (10th Cir. 1999) (explaining that a prisoner who disagrees with the treatment prescribed does not state a constitutional violation). Beliefs by prisoners that they should have received more or different treatment does not require prison official to provide that treatment under the Eighth Amendment. *Taylor v. Ortiz*, 410 F. App'x 76, 79 (10th Cir. 2010). Accepting plaintiff's allegations as true, he received treatment for his alleged dental condition. He simply disagrees with the procedures selected. Plaintiff's Complaint thus fails to meet the first prong to overcome qualified immunity. Without sufficient allegations to establish an objectively serious medical need, Mr. Wright is entitled to qualified immunity from plaintiff's claim.

### ii. Subjective component

Mr. Wright also is entitled to qualified immunity because plaintiff fails to plead facts showing the subjective component of the deliberate indifferent test. To meet the subjective standard of the deliberate indifferent analysis, plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official acts with a culpable state of mind when he "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837 "[T]he official must both be aware of the

9

facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Plaintiff's Complaint fails to allege that Mr. Wright knew about plaintiff's dental needs and disregarded a risk of serious harm to him. The only allegations that plaintiff makes about Mr. Wright's involvement is that he submitted a grievance to Officer Harmon addressed to Mr. Wright and that he is responsible for scheduling inmates for transport. These allegations cannot support a liability finding against Mr. Wright. Plaintiff's Complaint does not allege that Mr. Wright has the authority or power to schedule the times when KDOC would transport plaintiff for dental care, that he exercised that power, and that he did so in order to injure plaintiff.

Also, the Complaint never even alleges that Mr. Wright was made aware of plaintiff's dental needs and disregarded them. For plaintiff's § 1983 claim to succeed, he must demonstrate that Mr. Wright had a culpable mental state by showing his "personal involvement or participation in the incident." *Conley v. McKune*, 529 F. App'x 914, 921 (10th Cir. 2013) (quoting *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996)). A claim that does not "demonstrate an affirmative link to the alleged constitutional violation" fails. *Id.* The facts that plaintiff alleges show that the staff at Atchison County Jail attended to his dental needs and provided treatment. Plaintiff's Complaint merely asserts conclusory statements that Mr. Wright demonstrated a deliberate indifference to his medical needs without sufficient facts to support these allegations. Plaintiff's Complaint thus fails the subjective component of the deliberate indifference test. Mr. Wright is entitled to qualified immunity.

## 2. Plaintiff's Complaint fails to state a claim against Mr. Wright in his official capacity.

Plaintiff's Complaint fails to allege official capacity claims against Mr. Wright because Eleventh Amendment immunity bars plaintiff from bringing an official capacity claim for money damages against Mr. Wright.

The Eleventh Amendment bars plaintiff from bringing claims against Mr. Wright in his official capacity. The Amendment prohibits suits against the state, and its officials, in federal court without the state's consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). A state can waive its immunity only by expressly consenting to suit in federal court. *Id.* at 98. Absent a clear waiver, a state has not consented to suit and the plaintiff cannot sue the state in federal court. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195 (10th Cir. 1998) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)). Neither Mr. Wright nor the Atchison County Sheriff's Department has waived their immunity to suit. Thus, Eleventh Amendment immunity bars plaintiff's official capacity claims against Mr. Wright.[1]

Mr. Wright also asserts that plaintiff's official capacity claims fail to state a claim because the Complaint never asserts a claim capable of holding a municipality liable. Because the court already has concluded that Eleventh Amendment immunity bars plaintiff's official capacity claim, the court does not address Mr. Wright's second argument.

## C. Plaintiff's Complaint fails to state a negligence claim against Mr. Wright.

Plaintiff's Complaint alleges Mr. Wright was negligent in delaying dental care for plaintiff. To state an actionable claim of negligence in Kansas, the plaintiff must prove the

---

[1] Although not relevant here, an exception to Eleventh Amendment immunity exists when suits challenge the constitutionality of a state official's action enforcing state law. *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citing *Ex Parte Young*, 209 U.S. 123, 159–60 (1908)). The Supreme Court has held that such a suit is not one against the state itself. *Id.* (citing *Ex Parte Young*, 209 U.S. at 159–60). Here, plaintiff's Complaint never asserts a claim for prospective injunctive relief seeking to stop an ongoing violation of federal law. Thus, the *Ex Parte Young* exception does not apply here.

existence of a duty to the plaintiff, a breach of that duty, injury, and a causal link between the duty breached by the defendant and the injury suffered. *McGee v. Chalfant*, 806 P.2d 980, 983 (Kan. 1991). To establish causation, the plaintiff must allege that the defendant's actions are the proximate and actual cause of the plaintiff's injury. *Baker v. City of Garden City*, 731 P.2d 278, 280 (Kan. 1987).

Plaintiff's Complaint never alleges that Mr. Wright's actions breached a duty owed to plaintiff, or that Mr. Wright breached a duty that actually and proximately caused plaintiff's alleged injury. Plaintiff's Complaint is devoid of any factual allegations to support his negligence claim. His Complaint merely states a conclusory allegation of negligence against Mr. Wright. Plaintiff thus has failed to state a negligence claim against Mr. Wright. The court recognizes that the Federal Rules allow a party to amend its complaint by leave of court or with the written consent of the opposing party, and leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). But, the court already has afforded plaintiff the opportunity to amend his Complaint once, and his Amended Complaint (Doc. 59) still fails to plead "factual content" that allows the court to "draw the reasonable inference that [Mr. Wright] is liable" for plaintiff's asserted state claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff never responded to Mr. Wright's motion to dismiss and he's never asked for another opportunity to plead negligence against this defendant. So, the court grants Mr. Wright's motion to dismiss plaintiff's negligence claim.

### IV.  Conclusion

For all these reasons, plaintiff's Complaint fails to a state a plausible claim against Mr. Wright. The court thus grants Mr. Wright's motion to dismiss plaintiff's claims.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Travis Wright's Motion to Dismiss plaintiff's First Amended Complaint (Doc. 75) is granted under Rule 12(b)(6).

**IT IS SO ORDERED.**

**Dated this 13th day of July, 2017, at Topeka, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**