IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE C. STUART, JR.,

        **Plaintiff,**

v.

ADVANCED CORRECTIONAL
HEALTHCARE, INC., et al.,

        **Defendants.**

Case No. 16-3097-DDC-KGG

**MEMORANDUM AND ORDER**

        This matter comes before the court on plaintiff's "Objection to Magistrate Judges Ruling" (Doc. 88). Plaintiff objects to the Order (Doc. 80) issued by Magistrate Judge David J. Waxse finding as moot plaintiff's Motion to Compel Discovery (Doc. 29). For the reasons explained below, the court overrules plaintiff's objection and affirms Judge Waxse's decision.

**I.**      **Background**

        On July 26, 2016, pro se plaintiff Joe C. Stuart filed a motion to compel discovery. Doc. 29. In his Motion to Compel, plaintiff requested records from defendant Advanced Correctional Healthcare, Inc. ("ACH"). *Id.* Specifically, plaintiff requested production of his medical records, names of doctors, and other information about inmate healthcare at the Leavenworth County Jail. *Id.* Defendant ACH responded by producing the discovery plaintiff had demanded, albeit two weeks after its deadline had passed. Defendant ACH asserted the two-week delay was not unduly prejudicial. Doc. 34. Plaintiff filed a reply to defendant's Response to Plaintiff's Motion to Compel Discovery asserting that defendant ACH objected to 15 interrogatories and 11 of those objections were based on relevance. Doc. 34. Next, plaintiff filed a First Amended Complaint adding allegations of other "occurrences" at the Leavenworth County Jail. Doc. 59.

He believes his amended pleading makes the requested discovery relevant. On February 8, 2017, Magistrate Judge Waxse held that plaintiff's Motion to Compel (Doc. 29) was moot because defendant ACH had provided answers to the interrogatories. Judge Waxse also found plaintiff sustained no prejudice by the two-week delay. Doc. 80.

On July 17, 2017, five months after the Clerk of the Court mailed Judge Waxse's Order to plaintiff, he filed his objection to the Order. Plaintiff asserts that defendant ACH failed to produce records associated with the Leavenworth County Jail when it answered the interrogatories and request for production of documents. Doc. 88. Plaintiff asserts the discovery is relevant because his Amended Complaint includes "additional allegations of occurrences at the Leavenworth County Jail." *Id*. Defendant ACH never responded to plaintiff's objection to the magistrate judge's order.

**II.     Standard of Review**

When a party brings its lawsuit pro se, the court construes the party's pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of a pro se litigant's advocate. *Id*. Also, plaintiff's pro se status does not excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*. Nor is a pro se litigant relieved from complying with the rules of the court or facing the consequences of noncompliance. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Fed. R. Civ. P. 72(a) allows a party to provide specific, written objections to a magistrate judge's order "within 14 days after being served with a copy." When reviewing a magistrate judge's order deciding nondispositive pretrial matters, the district court applies a "clearly

erroneous or contrary to law" standard of review. *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; instead, the district court must affirm a magistrate judge's order unless a review of the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp.*, 847 F.2d at 1464. In contrast, "the contrary to law" standard permits the district court to conduct an independent review of purely legal determinations made by the magistrate judge. *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (citations omitted). A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011) (quotation omitted).

### III.   Analysis

Plaintiff objects to the magistrate judge's order mooting his Motion to Compel.[1] Plaintiff asserts that defendant ACH failed to produce relevant documents. But the record shows that plaintiff's objection to Judge Waxse's Order is untimely. Our circuit has adopted "a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Fed. R. Civ. P. 72(a) clearly states: "A party may serve and file objections to [a Magistrate Judge's] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." Plaintiff's failure to object timely waives trial court review. *Id.* Two exceptions preclude

---

[1] Judge Waxse's Order is a text only entry finding the plaintiff's Motion to Compel moot. Doc. 80.

application of the waiver rule that apply when: "(1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005); *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Here, neither exception applies to plaintiff's untimely objection. Plaintiff is a pro se litigant and the text entry order never cited Rule 72's requirement to file an objection within 14 days. But earlier, the court had advised him of the time period that applies to filing objections to a magistrate's order. *See* Doc. 14 at 3. That order also advised plaintiff of the consequences of failing to file a timely objection. *Id.* at 3 ("a party must file any objections within the 14-day period if the party wants to have appellate review of the Order."). Here, the Clerk of the Court served plaintiff with a copy of Judge Waxse's Order many months before he filed his objection. Judge Waxse's Order was served by "mailing it to [plaintiff's] last known address—in which event service [was] complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *see also ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014). That mailing occurred on February 8, 2017, when the Order was mailed to plaintiff by regular mail. *See* Doc. 80. The time for plaintiff to file any objections to the Order expired well before he filed his objection on July 17, 2017. Plaintiff's deadline for responding is extended by three days under Fed. R. Civ. P. 6(d), because service was made by mail. Even adding these three additional days to the 14-day response time, the deadline for responding to Judge Waxse's Order expired nearly five months before plaintiff filed his Objection.

Also, the interests of justice do not require review of plaintiff's waiver. The Tenth Circuit has considered factors such as "a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised."

*Morales-Fernandez*, 418 F.3d at 1120. Here, plaintiff made no effort to comply with the time limit, nor did he ask for an extension of time to file an objection. He also never explains why is objection is untimely.

And the importance of the issue raised is irrelevant. Even if plaintiff had filed a timely objection, his objection fails to show the magistrate judge's order was contrary to law. Courts typically do not consider new arguments and new evidence raised in objections to a magistrate judge's orders. *See Parks v. Persels & Assocs., LLC*, 509 B.R. 345, 357 (D. Kan. 2014). Plaintiff made no relevance objection in his Motion to Compel. Doc. 29. Instead, he just asked defendant to produce certain documents—ones that defendant ACH eventually produced, thereby mooting plaintiff's Motion to Compel. *Id.* Plaintiff's argument that the discovery is relevant arises from "additional allegations" raised in his First Amended Complaint, filed on November 15, 2016, some four months after plaintiff filed his Motion to Compel. *Id.*; Doc. 88. So, plaintiff raised the relevancy issue for the first time in his Objection to Magistrate Judges Ruling. Doc. 88. Judge Waxse never could have addressed these arguments—ones that arose after plaintiff filed and Judge Waxse ruled the Motion to Compel. Even if the court treated plaintiff's objection as timely filed, the court still overrules it because Judge Waxse did not act contrary to law when he decided the Motion to Compel was moot.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Objection to Magistrate Judges Ruling" (Doc. 88) is overruled.

**IT IS SO ORDERED.**

**Dated this 17th day of January, 2018, at Topeka, Kansas.**

                                                    **s/ Daniel D. Crabtree**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**