IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE C. STUART, JR.,

        Plaintiff,

v.                        Case No. 16-3097-DDC-KGG

ADVANCED CORRECTIONAL
HEALTHCARE, INC., et al.,

        Defendants.

_____

## MEMORANDUM AND ORDER

Plaintiff Joe Stuart brings this action against defendants Advanced Correctional Healthcare, Inc. and Annette Behney.  Plaintiff asserts claims under 42 U.S.C. § 1983 and state law against defendants for allegedly violating his right to medical care during his incarceration with the Kansas Department of Corrections ("KDOC") and in various county jails in Kansas. This matter comes before the court on defendants Advanced Correctional Healthcare, Inc. ("ACH") and Annette Behney's Motion for Judgment on the Pleadings and/or to Dismiss.  Doc. 90.  The court granted plaintiff an extension of time to file a response until September 29, 2017. That deadline passed long ago, and plaintiff never has filed a response to defendants' motion. For the reasons explained below, the court grants defendants' motion.

### I.      Factual Background

The following facts are taken from plaintiff's First Amended Complaint (Doc. 59) and viewed in the light most favorable to him.  *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). The court construes plaintiff's allegations liberally because he proceeds pro se.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (explaining that courts must construe pro se

filings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers).

In March 2015, plaintiff was detained at the Leavenworth County Jail ("LVCO"). There, he sustained a broken tooth accompanied by sore, bleeding gums and a fistula that actively drained fluid into his mouth. After submitting a request to see a dentist, Nurse Melissa Doe examined plaintiff. Nurse Doe informed plaintiff that dentists visited the facility once a month and she would add his name to the list of inmates scheduled to see the dentist during his next visit. She advised plaintiff that jail policy prevented plaintiff from receiving dental procedures at the facility because the jail lacked a sterile environment necessary to perform them. She told plaintiff that he would not receive dental procedures until he was transported to a facility that could provide such treatment. To treat the infection, Nurse Doe prescribed plaintiff a ten day course of antibiotics, three days of ibuprofen, and peroxide rinses.

In May, plaintiff met with a dentist identified as John Doe. The dentist examined plaintiff and identified a cavity, two broken teeth, a draining fistula, and an infection. Dr. Doe asked how long plaintiff was expected to be detained at LVCO. Plaintiff replied, predicting until the end of the year. Dr. Doe told plaintiff that he could wait until he was transferred to the next facility to have his broken teeth extracted. The doctor prescribed a ten day course of antibiotics, three days of ibuprofen, and peroxide rinses.

In September 2015, plaintiff was transferred to the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas. In November 2015, Dr. Streit examined plaintiff at EDCF. He performed an emergency extraction of plaintiff's two worst teeth. The dentist claimed that one of the teeth had been neglected for so long that it had decayed beyond the point of saving the

tooth.  Dr. Streit advised plaintiff to seek medical attention immediately should he encounter more pain, swelling, fever, or other symptoms.

On December 2, 2015, plaintiff was transported to the Atchison County Jail to appear for a court hearing.  Plaintiff requested a dentist on January 1, 2016, because he had severe pain and swelling near a tooth on the lower right side.  The jail guard, Officer Harmon, advised plaintiff that no medical staff was on duty because of the holiday.  Officer Harmon gave plaintiff a three-day prescription for ibuprofen.  The next day, plaintiff again requested to see a dentist because of increased swelling and significantly increased pain from the previous day.  Officer Harmon informed plaintiff that no medical staff was on duty because it was the weekend, but a nurse would be in the facility on Monday, January 4, 2016.  Officer Harmon also called Nurse Practitioner Annette Behney, an employee of ACH.[1]  Defendant Behney prescribed plaintiff with antibiotics, ibuprofen, and peroxide.

On January 3, 2016, plaintiff requested medical attention complaining of blurred vision, increased heart rate, chest pain, and an increase in pain and swelling.  Officer Harmon performed a cursory examination and noted an abnormally high blood pressure.  Plaintiff requested to be taken to an emergency room.  Officer Harmon denied the request and stated that a nurse would be available the next morning.

The next day, Nurse Martin (an ACH employee) examined plaintiff.  She noted a blister on plaintiff's gums, and she denied plaintiff's request for a dentist to remove his problem tooth. On January 4, Nurse Martin examined plaintiff again and noticed foreign matter protruding from his gums, but she took no further action.  By January 8, the swelling had subsided some, but there was still considerable pain and swelling.  Plaintiff states that he could feel foreign mater

---

[1]    Plaintiff alleges that ACH is a private corporation who contracted with the Atchison County Jail to provide medical care and services to inmates.

protruding from the swollen gum area. Nurse Martin responded that she could see something there, but took no further corrective action. Plaintiff received no more medical attention during the rest of his time spent at the Atchison County Jail.

Plaintiff was sentenced in the District Court of Atchison County, Kansas on December 28, 2016. He was returned to KDOC custody on January 19, 2016, and transferred to the Norton Correctional Facility. On January 25, 2016, while still incarcerated at Norton, Dr. Streit performed a second emergency extraction to remove plaintiff's broken tooth. He also repaired the fistula.

On July 26, 2017, defendants filed a Motion to Dismiss/For Judgment on the Pleadings for Failure to State a Claim under Fed. R. Civ. P. 12(c) (Doc. 90). Plaintiff filed a Motion for Extension of Time to File a Response to defendants' motion (Doc. 92). The court granted plaintiff's Motion for Extension of Time to File a Response (Doc. 94), allowing him until September 29, 2017 to file his response. On October 11, 2017, 13 days after plaintiff's new deadline had expired, defendants filed a Motion for Judgment on the Pleadings (Doc. 96) because plaintiff failed to respond timely to defendants' motion. Plaintiff never responded to that motion. Also, plaintiff still has never filed a response to defendants' original motion seeking judgment on the pleadings.

## II.    Legal Standard

When a party brings a lawsuit pro se, the court construes the party's pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of a pro se litigant's advocate. *Id.* Also, plaintiff's pro se status does not excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Nor is plaintiff

relieved from complying with the rules of the court or facing the consequences of noncompliance.  *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

      Courts evaluate a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss.  *See Turner v. City of Tulsa*, 525 F. App'x 771, 772 (10th Cir. 2013).  The court will grant a motion for judgment on the pleadings only when the factual allegations in the complaint fail to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'"  *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

### III.    Analysis

      The court grants defendants' Motion for Judgment on the Pleadings for two reasons:  (1) plaintiff never has responded to the motion, even after securing an extension of time to file one, making defendants' motion an uncontested one, and (2) plaintiff's First Amended Complaint ("Complaint") fails to state a plausible claim for relief against defendants ACH and Behney.  The court explains its ruling below.

### A. Plaintiff's failure to respond to defendants' Motion for Judgment on the Pleadings makes the motion an uncontested one.

As noted above, the court granted plaintiff's Motion for Extension of Time to File a Response to defendants' Motion for Judgment on the Pleadings—ordering that his response was due by September 27, 2017.  Doc. 94.  But, plaintiff never complied with this new deadline.  The new response deadline has long passed and still, plaintiff never has filed a response to defendants' motion.  D. Kan. Rule 7.4(b) provides:  "a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum" absent a showing of excusable neglect.  "If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion."  D. Kan. Rule 7.4(b).  "Ordinarily, the court will grant the motion without further notice."  *Id.*

The court recognizes that plaintiff brings this action pro se, but a plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance.  *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).  Thus, as a consequence of plaintiff's failure to respond, even after this court granted plaintiff's Motion for Extension of Time to File a Response, the court considers the motion an uncontested one under D. Kan. Rule 7.4(b).  For this reason and the reasons below, the court grants defendants' Motion for Judgment on the Pleadings.

### B. Plaintiff's Complaint fails to state a plausible claim against defendants.

While the court properly can grant defendants' motion because it is uncontested, the court also addresses the merits of their motion.  The merits analysis leads to the same conclusion:  The court should grant defendants' motion.

Defendants assert several arguments supporting dismissal of plaintiff's claims. First, defendant Behney argues that plaintiff never alleges facts establishing a violation of an Eighth Amendment right. Second, defendant ACH argues that plaintiff has failed to state a claim against it in its official capacity. Third, defendants argue, plaintiff's Complaint fails to establish a plausible state law tort claim. The court addresses these three arguments in the following three subsections.

**1. Plaintiff's Complaint fails to allege that defendants deprived plaintiff of any constitutional right.**

Plaintiff's Complaint fails to allege facts sufficient to show a violation of his Eighth Amendment constitutional rights. To allege that a defendant has violated a clearly established Eighth Amendment right, plaintiff must allege facts that a prison official acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This test "involves both an objective and a subjective component." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

The objective component requires plaintiff to allege that the deprivation at issue was sufficiently serious. *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). This standard requires that the actions of the defendant "must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical or dental need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos*, 639 F.2d at 575.

The subjective prong requires that the prisoner allege that the official was deliberately indifferent to a serious medical need. *Farmer*, 511 U.S. at 834. This requires the prison official to have a culpable mental state. *Id*. A plaintiff sufficiently alleges a culpable mindset when the

facts alleged show that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

### a. Objective Component

Here, plaintiff's Complaint never alleges facts that, if true, are capable of supporting an inference that his condition was objectively serious. The Complaint asserts that Dr. Doe told plaintiff that he could wait until he was transported to his next facility to have his procedures performed. No other doctors mandated extraction of teeth. When plaintiff arrived at the Atchison County Jail, he first requested a dentist for tooth pain and swelling on January 1, 2016. On January 4, within three days of plaintiff's initial request, a nurse examined him at the facility. In the meantime, on the same day he made his request to see a dentist, Officer Harmon gave plaintiff ibuprofen for his pain and swelling. The following day, Saturday, January 2, Officer Harmon facilitated a phone consultation between plaintiff and defendant Behney, who prescribed antibiotics. On Monday, January 4, plaintiff met with a nurse to discuss his dental concerns. The nurse noted a blister on plaintiff's gums, but denied his request to extract one of his teeth. Four days later, plaintiff again consulted with a nurse to address his symptoms. The nurse noted foreign matter protruding from plaintiff's gum, but determined that plaintiff's dental condition required no other action than the treatment already prescribed. Accepting all of plaintiff's allegations as true, these facts cannot support a finding that plaintiff suffered an objectively serious medical condition while detained at the Atchison County Jail.

Plaintiff's Complaint also appears to allege that officials at the Atchison County Jail, including defendant Behney, should have provided him different treatment. But, a disagreement

about procedures or prescribed treatment is not a proper basis to support a constitutional claim. *Perkins v. Kan. Dep't. of Corr.*, 165 F.3d 803, 811–12 (10th Cir. 1999) (explaining that a prisoner who disagrees with the treatment prescribed does not state a constitutional violation).  A prisoner's belief that he should have received more care or a different form of treatment does not, under the Eighth Amendment, require a prison official to provide the requested treatment. *Taylor v. Ortiz*, 410 F. App'x 76, 79 (10th Cir. 2010).  Accepting plaintiff's allegations as true, he received treatment from defendant Behney for his alleged dental condition.  Defendant Behney inspected his teeth, and she provided peroxide and medication.  He simply disagrees with the procedures she selected.  Plaintiff's Complaint thus fails to meet the objective component of an Eighth Amendment constitutional violation.

### b.  Subjective Component

The subjective prong requires the prisoner to allege that the official was deliberately indifferent to a serious medical need.  *Farmer,* 511 U.S. at 834.  This requires the prison official to have a culpable mental state.  *Id.*  A plaintiff sufficiently alleges a culpable mindset when he alleges facts showing that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*. at 837.

Plaintiff's Complaint makes the conclusory allegation that defendant Behney knew of and disregarded the excessive risk to the plaintiff's safety.  But the Supreme Court has emphasized that artfully worded conclusions won't carry the day.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim).  Also, the

facts alleged in the Complaint don't support this conclusory assertion.  Instead, the Complaint's alleged facts establish defendant Behney provided antibiotics, ibuprofen, and peroxide to treat the patient's dental pain.  Defendant Behney knew plaintiff was in pain, but no facts alleged suggest that a substantial risk to plaintiff's safety existed.  Plaintiff thus has alleged no facts showing that defendant Behney was aware of an excessive risk to plaintiff's safety.

### 2. Plaintiff's Complaint fails to state a claim against defendant ACH in its official capacity.

Plaintiff's Complaint fails to assert official capacity claims against ACH because plaintiff never alleges that an official policy or custom caused plaintiff's injury.

A private healthcare company who contracts to provide medical services to prison inmates may be sued under 42 U.S.C. § 1983.  *West v. Akins*, 487 U.S. 42, 54 (10th Cir. 1988).  Thus, a nongovernmental provider of prison medical care may incur liability for violating a prisoner's Eighth Amendment rights.  *Id.*  But supervisory liability is not an available cause of action for prisoners suing medical providers.  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  Instead, to succeed on a claim against defendant ACH, plaintiff must show that ACH had adopted or regularly applied a policy, custom, or official action that caused plaintiff's injuries.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978).  And, the Complaint must assert that the policy was a "direct cause" or "moving force" behind the constitutional violations.  *Id.*

Here, plaintiff alleges in conclusory fashion that defendant ACH had a policy of deliberately ignoring dental needs of patients.  But, a claim for relief demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Threadbare

recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief.  *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff never alleges facts supporting the conclusory allegations made against defendant ACH.  Simply, he alleges that "per policy" a dentist would not be made available over the holiday weekend and that ACH has a policy of "deliberate indifference by denying or delaying prisoner's access to necessary dental treatment."  But plaintiff alleges that he had access to nurses and prison officials who repeatedly gave him antibiotics, ibuprofen, and treated him multiple days in a row.  So, reciting bald conclusory statements does not establish that defendant ACH had an official policy that was the moving force behind his injuries.

### 3.  Plaintiff's Complaint fails to state a negligence claim against defendants.

Last, the Complaint alleges defendants were negligent because they delayed plaintiff's access to dental care.  To state an actionable claim of negligence in Kansas, the plaintiff must allege that the defendants he has sued owed him a duty, a breach of that duty, injury, and a causal link between the duty breached by the defendant and the injury suffered.  *McGee v. Chalfant*, 806 P.2d 980, 983 (Kan. 1991).  To provide a basis for the requisite causation, the plaintiff must allege that the defendant's actions are the proximate and actual cause of the plaintiff's injury. *Baker v. City of Garden City*, 731 P.2d 278, 280 (Kan. 1987).  The Complaint here alleges that defendant Behney failed to take appropriate steps to secure a dental appointment for plaintiff and that this delay caused significant injury.  But, the Complaint alleges no facts, other than conclusions, that could support a finding that defendants breached a duty owed to plaintiff and that this breach caused plaintiff injury.

11

The court recognizes that the Federal Rules allow a party to amend the Complaint by leave of court or with the written consent of the opposing party, and that it freely should grant leave when justice so requires. Fed. R. Civ. P. 15(a). But, the court already has afforded plaintiff the opportunity to amend his Complaint once, and his Amended Complaint (Doc. 59) still fails to plead "factual content" that allows the court to "draw the reasonable inference that defendants are liable" for this state claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Also, plaintiff never has responded to defendants' Motion for Judgment on the Pleadings. So, the court declines to provide another opportunity to allege facts that could support a plausible negligence claim against defendants. Instead, the court grants defendants' Motion for Judgment on the Pleadings against plaintiff's negligence claim.

## IV.    Conclusion

In sum, the court grants defendants' Motion for Judgment on the Pleadings for two reasons. First, plaintiff never has responded to defendants' motion, making it an uncontested motion. Second, plaintiff fails to state a plausible claim for relief against defendants ACH and Annette Behney. The court thus grants defendants' Motion for Judgment on the Pleadings.[2]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Advanced Correctional Healthcare, Inc. and Annette Behney's Motion for Judgment on the Pleadings (Doc. 90) is granted.

---

[2]      On December 8, 2017, defendants ACH and Annette Behney filed a Motion to Dismiss for Failure to Notify Parties and Court of Change of Address. Doc. 99. Defendants assert that plaintiff has not updated his information with the court to provide his current address. Defendants explain that they and the court have attempted to serve documents on plaintiff at his address on file with the court, but the documents have been "returned to sender." Defendants thus ask the court to dismiss the case as a sanction for plaintiff's failure to notify the court and the parties of his current address. Because the court grants defendants' Motion for Judgment on the Pleadings, it denies defendants' Motion to Dismiss as moot.

**IT IS FURTHER ORDERED THAT** defendants Advanced Correctional Healthcare, Inc. and Annette Behney's Motion for Judgment (Doc. 96) is denied as moot.

**IT IS FURTHER ORDERED THAT** defendants Advanced Correctional Healthcare, Inc. and Annette Behney's Motion to Dismiss For Failure to Notify Parties and Court of Change of Address (Doc. 99) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 17th day of January, 2018, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**